# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 15-CR-6

CLIFFORD L. ROBINSON,

    Defendant.

## ORDER DENYING MOTION TO SUPPRESS

    Clifford Robinson is charged in a multi-count Indictment with conspiracy to distribute and possess with intent to distribute 1000 grams or more of heroin, a portion of which resulted in the death of a woman whose initials are A. D., and two counts of distribution of heroin. The case is before the Court on Robinson's motion to suppress evidence obtained from the search of two cell phones seized from his person at the time of his arrest. For the reasons that follow, the motion will be denied.

    The facts are essentially undisputed. On December 17, 2014, at approximately 10:30 a.m. Robinson was taken into custody on the porch of his residence at 320 2nd Street in the City of Menasha pursuant to a warrant for his arrest. A separate warrant for the search of the residence was then executed. Robinson had stepped out onto the porch in response to a knock on the door by Menasha Police Officer James Verkuilen, one of several law enforcement officers who had assembled for the purpose of executing the two warrants. He was immediately taken into custody by another officer, and two cell phones were taken from his pocket in the course of a custodial search of his person. Officer Verkuilen took custody of the two phones and placed Robinson in his squad car.

The two cell phones were later analyzed by law enforcement, and evidence in the form of contacts, call data history, and some text messages was recovered. It is that evidence that Robinson seeks to suppress.

Robinson argues that the case is deceptively simple and clearly controlled by the Supreme Court's relatively recent decision in *Riley v. California*, 134 S. Ct. 2473 (2014). In *Riley* the Court decided the question of whether a warrantless search of the digital data contained in a person's cell phone can be justified as a search incident to the arrest of such person. A search incident to arrest is an exception to the general rule that a person's property and effects are not subject to search and seizure except upon a warrant issued by a judicial officer upon a finding of probable cause. *United States v. Robinson*, 414 U.S. 218, 225 (1973). The justification for this exception is the protection of the arresting officer and preservation of evidence:

> When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction.

*Chimel v. California*, 395 U.S. 752, 762-63 (1969).

The question the Court faced in *Riley* was whether this justification extended to the search of a cell phone taken from the person of an arrestee in an effort to retrieve the digital data stored thereon. Noting that modern cell phones are essentially mini-computers in which the owners store vast quantities of their personal and private information, the Court unequivocally held that it cannot: "Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." 134 S. Ct. at 2495. Robinson argues that *Riley* thereby created a simple bright line rule that clearly applies here. The two cell phones were taken

2

from his person in the course of a search incident to his arrest, and law enforcement failed to obtain a warrant before conducting the forensic analysis that led to the recovery of the evidence the government seeks to use against him. Under *Riley*, he argues, the search is illegal and the evidence must be suppressed.

Missing from the defense argument, however, is any reference to the search warrant that Special Agent Jeremiah Winscher of the Wisconsin Department of Justice Division of Criminal Investigation had obtained, along with the arrest warrant, prior to the events of December 17, 2014. The search warrant, the validity of which Robinson does not challenge, explicitly authorized law enforcement to search the premises at 320 2nd Street where Robinson was living for numerous items of evidence and/or contraband, including: "Heroin, marijuana, drug paraphernalia, other controlled substances; scales, bags, containers and other items used in the manufacture and delivery of controlled substances; ledgers, documents, phone numbers, tapes, pagers, safes and their contents, and other instruments, evidence and drug transactions; electronic devices that record data, i.e. telephone numbers, messages and other electronically stored information, including cell phones and computers ...." (Ex. 1.) The search warrant also authorized law enforcement to conduct "a subsequent forensic examination of said electronic devices to include, but not be limited to, cell phones and computers, inclusive of the data contained within the electronic memory of the device." (*Id.*)

Robinson concedes that had he taken the two cell phones out of his pocket and left them on a table in the living room before he stepped out onto the porch, the search of them would have been lawful under this warrant. In fact, a third cell phone was found in the house and Robinson does not challenge the search of that phone. But as to the two cell phones taken from him when he stepped onto the porch, Robinson contends a third warrant was required. Because law enforcement failed

3

to obtain another warrant before they retrieved data from the two phones taken from his person, he argues that evidence must be suppressed.

This Court disagrees. The search of the phones was expressly authorized by the same warrant that authorized the search of the premises, and the mere fact that the phones were lawfully taken from Robinson after he stepped onto the porch did not remove them from the scope of the warrant law enforcement had already obtained. To repeat, the warrant expressly authorized law enforcement to conduct "a subsequent forensic examination" of cell phones located on the premises at 320 2nd Street. The two cell phones were located on the premises of 320 2nd Street, and thus the forensic examination of them was lawful.

Robinson seems to think that because the phones were taken from him in the course of a search incident to his arrest after he had stepped onto the porch, the warrant authorizing law enforcement to conduct a forensic examination of them was no longer effective. This makes no sense. The fact that the officer lawfully removed the cell phones from Robinson's pocket when he stepped onto the porch does not undermine the finding of probable cause that supported the issuance of the warrant authorizing the forensic examination of the phones in the first place. Items that are subject to search and seizure under a lawfully issued warrant do not somehow become immunized from search when the occupant of the premises to be searched, who is also the target of the investigation, places them in his pocket or attempts to carry them off as the warrant is about to be executed. *See* 2 LaFave, Search and Seizure § 4.9(c) at 897-901 (5th ed. 2012). This is especially the case when the seizure of the items is also lawful as a search incident to arrest as well.

The result would be different if the warrant for the search of the premises did not expressly authorize the search of the cell phones located there. In that event, the officers would have been required to obtain a warrant to conduct such a search, just as in *Riley*. But this case differs from

4

*Riley* in that Special Agent Winscher had already obtained a warrant to conduct a search of the cell phones before Robinson was arrested. A judicial officer had already made a determination that there was probable cause to believe that the cell phones contained evidence of a crime, a determination that Robinson does not challenge. Thus, there was no need to obtain yet another warrant to authorize the same search of the same phones.

Having concluded that the same warrant that authorized the search of the premises at 320 2nd Street also authorized the forensic examination of the cell phones that were located there, the Court need not address the Government's alternative arguments that the evidence is nevertheless admissible under the good faith exception to the exclusionary rule or the inevitable discovery doctrine. *See United States v. Leon*, 468 U.S. 897 (1984), *Nix v. Williams*, 467 U.S. 431 (1984), and *United States v. Pelletier*, 700 F.3d 1109 (7th Cir. 2012). In the interest of completeness, however, the Court notes that either or both exceptions would apply if the search of Robinson's cell phones was not expressly authorized by the warrant for the search of the premises. In light of the warrant Special Agent Winscher actually obtained that allowed for analysis of the cell phones located at the premises to be searched, it is clear he was acting in good faith. And given the language of the warrant and the circumstances in which the two cell phones were obtained, his belief that he was acting lawfully was reasonable. In short, there was no police misconduct to deter here and, thus, no reason to suppress the evidence obtained. *Leon*, 468 U.S. at 919 (holding that the exclusionary rule "should not be applied, to deter objectively reasonable law enforcement activity").

The Court is also satisfied that in the event its conclusion that the warrant for the search of the premises authorized the forensic examination of the cell phones taken from Robinson's person is in error, the evidence obtained from the search would nevertheless be admissible under the inevitable discovery exception. "Under the inevitable discovery doctrine, illegally seized evidence

5

need not be suppressed if the government can prove by a preponderance of the evidence that the evidence inevitably would have been discovered by lawful means." *Pellitier*, 700 F.3d at 1116 (citing *Nix*). The evidence presented at the hearing establishes that had he believed that the warrant for the premises did not already authorize the forensic examination of the cell phones taken from Robinson's person, Special Agent Winscher would have sought and obtained a warrant before conducting the search, and the evidence would therefore have been inevitably discovered in any event. That he would have sought such a warrant is clear from Special Agent Winscher's testimony to that effect; that such a warrant would have been issued is clear from the warrant he did obtain for the search of the premises. For all of these reasons, the motion to suppress is denied.

**SO ORDERED** at Green Bay, Wisconsin this  3rd  day of August, 2015.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
